IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                           Case Nos.:    1:10cr47/MCR/GRJ
                                            1:16cv215/MCR/GRJ

DANIEL EDWIN WARWICK

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion to Correct Sentence under 28 U.S.C. § 2255" and Memorandum in Support. (ECF Nos. 133, 134.) The Government has filed a response and supplemental response (ECF Nos. 135, 137) and Petitioner has filed a reply. (ECF No. 138.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the court concludes that the motion should be granted and Petitioner should be resentenced.

## BACKGROUND

Petitioner Daniel Edwin Warwick was convicted after a jury trial of a single count of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (ECF Nos. 1, 89.)  The court sentenced him at the middle of the applicable guidelines range to a term of 240 months' imprisonment, followed by five years of supervised release.  (ECF Nos. 105, 106; ECF No. 118 at 12.)  The Eleventh Circuit affirmed.  (ECF No. 132.)

In calculating the appropriate sentence, the district court adopted the finding of the Presentence Investigation Report that Mr. Warwick was subject to an enhanced sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B).  (ECF No. 110, PSR ¶ 24.)  Under the ACCA, a person who has three prior convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.  18 U.S.C. § 924(e)(1).  An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range under U.S.S.G. § 4B1.4.  The ACCA defines a violent felony as an offense that either "(i) has as an element the use, attempted use, or threatened use of

physical force against the person of another [known as the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause]."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).

In 2015, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.   *Johnson*, 135 S. Ct. 2551, 2563 (2015). Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

Mr. Warwick now seeks sentencing relief pursuant to § 2255 for the first time.   He argues that, after *Johnson*, he no longer has the three predicate convictions necessary to support the application of the ACCA enhancement.

At the time of his sentencing, Mr. Warwick had prior Michigan convictions for larceny in a building, attempted criminal sexual conduct, burglary of an occupied dwelling, and two counts of second degree murder. (ECF No. 110).   Mr. Warwick concedes that his two prior convictions for

second degree murder still qualify as "violent felonies" under the ACCA.[1] He argues that his conviction for attempted third degree criminal sexual misconduct is not a proper ACCA predicate because it is not an enumerated offense and it does not qualify as a violent felony under the elements clause.

The Government argues that Mr. Warwick's reliance on *Johnson* is misplaced, and that his prior conviction for sexual assault meets the elements clause of 18 U.S.C. § 924(e)(1).

## ANALYSIS

Mr. Warwick pled guilty to one count of attempted third degree criminal sexual misconduct in Michigan in 1977, pursuant to M.C.L.A. § 750.520d(1). At the time this offense could be proven by establishing that Mr. Warwick "engage[d] in sexual penetration" and one of the following elements:

(a) That other person is at least 13 years of age and under 16 years of age.

---

[1] The two second degree murder convictions stemmed from entirely separate events. On June 15, 1981, Petitioner broke into a residence, and when the victim woke up he strangled her and set the home on fire before leaving with jewelry and other items.  The victim was taken to a local hospital where she died 11 hours later. (PSR ¶ 33.)   On May 2, 1981, a female asked Petitioner and an acquaintance for a ride home from a bar.  During the ride, the woman asked to be let out of the car.  Petitioner exited the vehicle at the same time on the interstate.  Petitioner made advances towards the victim, and when she refused, he choked her to death, leaving her on the side of the interstate.  (PSR ¶ 34.)

Case Nos.: 1:10cr47/MCR/GRJ; 1:16cv215/MCR/GRJ

> (b) Force or coercion is used to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (v).
> (c) The actor knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless.

M.C.L.A. § 750.520d(1) (1979).   Mr. Warwick argues that both the statute under which he was convicted and the jury instructions are "divisible."   A statute is divisible when it lists elements in the alternative, thus defining more than one offense of varying severity.   *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).   When a statute is divisible, i.e. has multiple alternative elements, a court may use the modified categorical approach to determine if the elements an individual was actually convicted of included violent force.   *See Mathis*, 136 S. Ct. at 2249 (citing *Shepard v. United States*, 125 S. Ct. 1254 (2005)).   The modified categorical approach permits the court to consider a limited class of documents, such as the indictment, jury instructions, or plea agreement and colloquy, to determine of what crime, with what elements, a defendant was convicted.   *Id.*

Mr. Warwick argues that neither the PSR[2] nor the Michigan judgment reflect which specific subsection of the statute governed his conviction.

---

[2] The PSR in this case indicates that the "circumstances of this offense were not available."   (ECF No. 110, PSR ¶ 31.)   C.f., *United States v. Wynn*, 579 F.3d 567 (6th

Case Nos.: 1:10cr47/MCR/GRJ; 1:16cv215/MCR/GRJ

(ECF No. 134-1.) He maintains that without information to the contrary, the court must assume that his conviction was based upon the least of the acts outlined in the statute. *See Curtis Johnson v. United States*, 559 U.S. 133, 137 (2010) (explaining that absent anything in the record to allow the district court to conclude that a battery conviction rested upon anything more than the least of the actions proscribed by the statute, the court must assume that the defendant was convicted only of the least of the acts); *United States v. Braun*, 801 F.3d 1301, 1306-08 (11th Cir. 2015) (same). Mr. Warwick says that Sections (a) and (c) of the Michigan statute make no reference to the use of force, and even section (b) can be committed with mere "coercion." Therefore, he argues, the court must conclude that he was convicted of committing the offense without force, and the offense was not a "violent felony" under the ACCA. *See Curtis Johnson*, 559 U.S. 133.

The warrant and complaint in the Michigan case identify two counts of alleged criminal sexual conduct. (ECF No. 137-1 at 2.) Mr. Warwick argues that these are not appropriate *Shepard* documents. The Sixth

---

Cir. 2009) (holding that district court could not rely on factual recitations in PSR to determine whether a defendant's prior conviction under a sexual battery statute was a crime of violence.)

Case Nos.: 1:10cr47/MCR/GRJ; 1:16cv215/MCR/GRJ

Circuit has rejected "consideration of police reports and criminal complaint applications to support a finding that the guilty plea could only have been based on facts that would qualify the conviction as a 'violent felony'." See *United States v. Evans*, 378 F. App'x 485, 491 (6th Cir. 2010) (quoting *United States v. Wynn*, 579 F.3d 567, 576 (6th Cir. 2009) (quoting *United States v. Bartee*, 529 F. 3d 357, 361 (6th Cir. 2008)).

Even if the warrant and complaint are appropriate *Shepard* documents, they do not provide the necessary proof that the underlying offense was a crime of violence. In each count Mr. Warwick is alleged to have engaged in sexual penetration by using "force *or coercion* to accomplish the sexual penetration." (ECF No. 137-1 at 2-3 (emphasis added)). Coercion is defined in the governing jury instructions as "any action sufficient to create a reasonable fear of dangerous consequences." (ECF No. 134-1 at 13.) For instance, the following are all examples of conduct which constitutes "sufficient force" to sustain a conviction:

> [6] If the defendant coerced the complainant to submit by threatening to use force or violence on the complainant, if the complainant believed that the defendant had the present ability to carry out those threats;
> [7] if the defendant coerced the complainant to submit by threatening to retaliate or get even in the future against the

complainant, or to retaliate against some other person, if the complainant believed that the defendant had the ability to carry out those threats;
[8] if the defendant threatened to kidnap the complainant, or threatened to compel the complainant to do some act in the future against (his/her) will, or threatened to physically punish someone, if the complainant believed that the defendant had the ability to carry out those threats;
[9] if the defendant was engaged in the medical treatment or examination of the complainant and did so in a manner or for purposes which are medically recognized as unethical or unacceptable; and
[10] if the defendant concealed himself or surprised the complainant and was thus able to overcome the complainant.

(ECF No. 134-1 at 13-14.) The commentary to the instruction states that "force or coercion" is not limited to these examples. (ECF No. 134-1 at 14.) Notably, several of the enumerated examples do not involve physical violence. As such, Mr. Warwick's argument that his Michigan conviction for attempted criminal sexual misconduct is not a violent felony under the elements clause of the ACCA is well taken. *See Curtis Johnson*, 559 U.S. 133.

To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017). In other words, he must show that the clause actually adversely affected the sentence he

Case Nos.: 1:10cr47/MCR/GRJ; 1:16cv215/MCR/GRJ

received.   *Beeman*, 871 F.3d at 1221 (citing *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016)).   Mr. Warwick has shown that his conviction for criminal sexual misconduct was not a violent felony under the enumerated offenses clause or the elements clause.   Absent the existence of the residual clause, this conviction would not have been considered as his third ACCA predicate.   Therefore, Mr. Warwick has established that "more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence."   *Beeman*, 871 F.3d at 1222.

## Conclusion

Mr. Warwick does not have the requisite three predicate offenses necessary to support the ACCA enhancement.   Therefore, Mr. Warwick's § 2255 motion should be granted and he should be resentenced without the ACCA enhancement.

### *Resentencing*

In its response, the Government requests that if the Court grants Petitioner's motion, the Court should impose a sentence greater than time served.   (ECF No. 135 at 6.)   Petitioner, who is now 62 years old with a projected release date of June 9, 2028, has not offered argument with

respect to resentencing.   As background and for informational purposes only the following summary is provided

Mr. Warwick's original guidelines range was 210 to 262 months. At sentencing, the Court found that a mid-guideline sentence of 240 months was "sufficient but not greater than necessary to comply with the purposes of sentencing."   (ECF No. 118 at 12.)   Without the ACCA enhancement, Mr. Warwick's Total Offense Level would have been 24.   His Criminal History Category would have been unchanged at V, yielding an advisory guidelines range of 92 to 115 months imprisonment.   Mr. Warwick has been in custody since his arrest on October 29, 2010, just over 97 months. (ECF No. 7; ECF No. 118 at 18-19.)

Based on the foregoing, it is respectfully **RECOMMENDED** that:

The "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255" (ECF No. 133) should be **GRANTED** and Mr. Warwick's case should be set for resentencing.

**IN CHAMBERS** this 12th day of December, 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:10cr47/MCR/GRJ; 1:16cv215/MCR/GRJ

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:10cr47/MCR/GRJ; 1:16cv215/MCR/GRJ